his position so he could have been seen by the chauffeur before backing his car after the signal warning was given. This charge improperly relieves the defendant of the duty of giving the signal warning before backing the truck, if they find from the evidence that the child did not have sufficient judgment, discretion, and intelligence to heed a warning signal.

In this case, under the peculiar facts, the location of the child, under the body of the car behind and near the rear left wheel, unseen by the chauffeur, makes it within the province of the jury to decide if the warning signal had been given the child would have become frightened thereby by instinct or intelligence, or both, and changed its position, so it could have been seen by the chauffeur, if he had looked before backing his truck. The charge (10) ignores that tendency of the evidence, and it should have been refused. See authorities supra. See, also, Ga. Pac. Ry. v. Blanton, 84 Ala. 158, 4 South. 621.

[3] The court gave this charge lettered A, requested by the defendant:

"The court charges the jury that damages in this case are punitive and are awarded for the purpose of punishing the defendants for a wrongful or negligent act, and, if they find from the evidence that the defendants were guilty of no wrongful or negligent act, they cannot award the plaintiff any sum of damages."

Appellant claims error in giving this charge because it uses the words "wrongful or negligent act," instead of the exact and all the words of the statute (section 2485), "wrongful act, or omission, or negligence." This complaint charged the defendant "negligently drove or moved said motor truck against, over, or upon the body" of the child, etc. This, of course, includes negligent acts and omissions. The complaint does not use the words of the statute, "wrongful act or omission or negligence." This charge was misleading, at most, in its tendency, in leaving out the word "omission." It could have been refused on that account, but its giving was not reversible error. The plaintiff should have requested an explanatory charge, correcting its misleading tendency. The oral charge of the court clearly included wrongs of omission and commission. When this charge is considered in connection with the oral charge, its misleading tendencies were cured and explained by it; and, if its giving was error, it was without injury, and not reversible. Randle v. B. R., L. & P. Co., 169 Ala. 314, 325, 326, headnotes 7 and 8, 53 South. 918.

[4] Appellant admits in brief that charge No. 19, given by the court at defendant's request, was not reversible error, so we will not consider it.

For the error mentioned in giving charge No. 10, the judgment is reversed, and the cause remanded.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur with the writer in his treatment and the reversal of the case for giving charge 10.

None of the Justices concur with the writer in his treatment of charge No. 3.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., think the case should be affirmed; that the two charges numbered 3 and 10 were not erroneous, but if calculated to mislead, they could have been explained by explanatory charges.

Reversed and remanded.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur, as indicated.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., dissent.

---

(96 South. 454)

**Ex parte STATE ex rel. DAVIS, Atty. Gen.**

**MOSS v. STATE.**

**(4 Div. 35.)**

(Supreme Court of Alabama. Feb. 23, 1923. Rehearing Denied May 31, 1923.)

Certiorari to Court of Appeals.

Petition of the State of Alabama, on the relation of its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Walter Moss v. State of Alabama, 96 South. 451.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

Farmer, Merrill & Farmer, of Dothan, opposed.

PER CURIAM. Writ denied.

ANDERSON, C. J., and McCLELLAN, GARDNER, and THOMAS, JJ., concur.

SAYRE, SOMERVILLE, and MILLER, JJ., dissent.

---

(96 South. 719)

**Ex parte MILLER. (8 Div. 578.)**

(Supreme Court of Alabama. May 31, 1923.)

Certiorari to Court of Appeals.

Petition of Daniel Miller, Jr., for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Daniel Miller, Jr., v. State of Alabama, 96 South. 718.

G. O. Chenault, of Albany, for petitioner.
Harwell G. Davis, Atty. Gen., opposed.

SOMERVILLE, J. Writ denied.